IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

'

ROBERT HEALEY

        Plaintiff**,**       **COURT FILE NO.:** 10-CV-2336 JTM/KMH

v.

MESSERLI & KRAMER, P.A.,

        Defendant.

## COMPLAINT AND JURY DEMAND

### JURISDICTION

1. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d).

2. This action arises out of the Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA").

### VENUE

3. Venue is proper in this District because the acts and transactions occurred here, the Plaintiff resides here, and the Defendant transacts business here.

### PARTIES

4. Plaintiff, Robert Healey, is a natural person who resides in the City of Osawatomie, County of Miami, State of Kansas.

5. The Plaintiff is an "any person" as that term is defined by 15 U.S.C. § 1692 et seq.

6. Defendant, Messerli & Kramer, P.A., is a foreign corporation with no listed Kansas resident agent, operating from an address of 3033 Campus Drive, Suite 250, Plymouth, Minnesota 55441...

7. The Defendant is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

8. The principal business of the Defendant is the collection of debts using the mails and telephone, and the Defendant regularly attempts to collect debts alleged to be due another.

## FACTUAL ALLEGATIONS

9. Sometime prior to the filing of the instant action, a person named Julie Ann Healey and/or some other unknown person incurred a financial obligation that was primarily for personal, family or household purposes and is a "debt" as that term is defined by 15 U.S.C. § 1692a(5), (hereinafter the "Account"), namely a debt owed to Ford Motor Credit Company.

10. The Account was allegedly not paid and it went into default with the creditor.

11. Sometime thereafter, the alleged debt was assigned, placed or otherwise transferred to the Defendant for collection from the Plaintiff.

## DEFENDANT

12. In the year prior to the filing of the instant action, the Plaintiff participated in telephone calls with and received legal documents from representatives, employees and/or agents of the Defendant who were attempting to collect the Account. These communications each individually constituted a "communication" as defined by FDCPA § 1692a(2). .

13. Upon information and belief, Defendant possesses recording(s) of communications between Plaintiff and Defendant.

14. Upon information and belief, Defendant possesses telephone logs and/or electronic records of its communications with Plaintiff.

15. During the telephone calls representatives, employees and/or agents of the Defendant continued to contact Plaintiff after repeatedly advised he was not the person whom they were seeking as well as caused his telephone to ring continually in violation of 15 U.S.C. 1692d preface and d(5)..

16. Defendant registered a false Minnesota judgment against Plaintiff and caused him to be served by the Sheriff of Miami County, Kansas in violation of 15 U.S.C. 1692e preface and e(2) and in violation of 15 U.S.C. 1692f preface and f(1).

17. The foregoing acts and omissions were undertaken by the Defendant and its representatives, employees and / or agents as part of a campaign of abusive and unlawful collection tactics directed at the Plaintiff.

18. The Defendant and its representatives, employees and/or agents above listed statements and actions constitute harassment or abuse and therefore violate FDCPA 1692d preface and d(5).

19. The Defendant and its representatives, employees and/or agents above listed statements and actions constitute false or misleading representations and violate FDCPA 1692e preface, e(2)(A), and (10).

20. As a consequence of the Defendant's collection activities and

communications, the Plaintiff has suffered actual damages, including emotional distress.

## RESPONDEAT SUPERIOR

21. The representatives and/or collectors at the Defendant were employees of and agents for the Defendant, were acting within the course and scope of their employment at the time of the incidents complained of herein and were under the direct supervision and control of the Defendant at all times mentioned herein.

22. The actions of the representatives and/or collectors at the Defendant are imputed to their employer, the Defendant.

23. As a direct and proximate result of the aforesaid actions, the Plaintiff has suffered the aforementioned damages.

## JURY TRIAL DEMAND

The Plaintiff is entitled to and hereby demands a trial by jury.  US Const. amend. 7., Fed. R. Civ. Pro. 38.

## DESIGNATION OF PLACE OF TRIAL

Plaintiff requests Kansas City, Kansas as the place of trial.

## PRAYER

**WHEREFORE**, the Plaintiff prays that the Court grants the following:

1. Actual damages under 15 USC § 1692k(a)(1).
2. Statutory damages under 15 USC § 1692k(a)(2)(A).

3. Reasonable attorneys fees and costs pursuant to 15 USC § 1692k(a)(3).

4. A finding that Defendant violated the FDCPA.

5. Such other and further relief as the Court deems just and proper

Respectfully submitted,

/s/ J. Mark Meinhardt
J. Mark Meinhardt #20245
4707 College Blvd., Suite 100
Leawood, KS  66211
913-451-9797
Fax 913-451-6163

ATTORNEY FOR PLAINTIFF